BOARD OF TRUSTEES OF THE FIRE FIGHTERS' PENSION FUND OF THE VILLAGE OF ARLINGTON HEIGHTS, Plaintiff,

v.

The CHICAGO CORPORATION, et al., Defendants.

VILLAGE OF ARLINGTON HEIGHTS POLICE PENSION FUND, Plaintiff,

v.

Lee L. PODER, et al., Defendants.

VILLAGE OF ARLINGTON HEIGHTS, Plaintiff,

v.

Lee L. PODER, et al., Defendants.

Nos. 88 C 3855, 88 C 3894 and 88 C 3927.

United States District Court, N.D. Illinois, E.D.

Feb. 24, 1989.

See also, 708 F.Supp. 1504.

MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

These three related cases all arise out of Lee L. Poder's alleged scheme to defraud the Firefighter's Pension Fund of the Village of Arlington Heights ("the Firefighter's Fund") and the Village of Arlington Heights Police Pension Fund ("the Police Fund"). The plaintiffs are the trustees of

the Firefighters' Fund (88 C 3855), the trustees of the Police Fund (88 C 3894), and the Village of Arlington Heights ("the Village") as subrogee of the two funds (88 C 3927). The defendants initially were Poder and the Chicago Corporation ("Chicorp"), a broker and dealer in government securities, but Poder has since filed for bankruptcy and has been dismissed from the case.

The complaints allege that Poder, in his former position as treasurer of the Village and custodian of the two pension funds, used assets of the two funds to engage in unauthorized transactions—specifically, repurchase agreements—in government securities, and that by executing these transactions Chicorp violated § 10(b) of the Securities Exchange Act of 1934 ("§ 10(b)"), 15 U.S.C. §§ 78j(b), and Securities and Exchange Commission Rule 10b–5 ("Rule 10b–5"), 17 C.F.R. § 240.10b–5, as well as Illinois statutory and common law.

On December 8, 1988 Judge Marshall denied Chicorp's motion to dismiss most of the federal securities laws and Illinois common law claims. He granted the motion, however, on one of the Firefighters' Fund's § 10(b) and Rule 10b–5 claims, and on the plaintiffs' common law claims for unjust enrichment, and statutory claims under Ill. Rev.Stat. ch. 85, ¶ 902. The court found that because the plaintiffs had alleged both a duty on Chicorp's part to disclose Poder's unlawful trading to the trustees of the pension funds, as well as an intentional failure to abide by that duty, the complaints sufficed at the pleading stage to sustain claims for securities fraud, common law fraud, negligence and wanton and willful conduct. At the same time, however, the court dismissed a § 10(b) and Rule 10b–5 claim predicated on alleged misrepresentations by Chicorp to Poder, because no specific allegations of fraud were set forth in the pleadings. He also dismissed the unjust enrichment claims on the grounds that unjust enrichment is a remedy, not a distinct cause of action under Illinois law. Finally, he dismissed the plaintiffs' ¶ 902 claims, ruling that the state statute was not intended to regulate financial institutions such as Chicorp and that, in any

event, there was no private right of action under the statute.

After Judge Marshall ruled, the case was transferred to this court. The parties have now moved this court to reconsider portions of the earlier ruling, and to clarify other portions of it. The court will address the motions in turn.

## DISCUSSION

*The Village's and the Police Fund's Motions to Reconsider Judge Marshall's Dismissal of the ¶ 902 Claims*

The Village and the Police Fund have moved this court to reconsider Judge Marshall's dismissal of their claims under ¶ 902—that is, Count X of the Village's complaint and Count VIII of the Police Fund's first amended complaint. Paragraph 902 provides:

> No public agency may purchase or invest in instruments which constitute repurchase agreements, and no financial institution may enter into such an agreement with or on behalf of any public agency unless the instrument and the transaction meet [certain requirements not relevant here].

Judge Marshall dismissed the plaintiffs' claims under this statute on the grounds that:

> The statute regulates government agencies when they enter into repurchase agreements, but it does not purport to govern dealers that sell the securities involved. Further, the statute does not create a private cause of action for its violation.

*The Village of Arlington Heights v. Poder*, No. 88 C 3855, slip op. at 9–10, 1988 WL 135632 (N.D.Ill. December 8, 1988).

■ The plaintiffs object to both parts of the court's ruling. They first argue that the statute on its face clearly regulates both government agencies and financial institutions. They then argue that, under Illinois standards for implied rights of action, ¶ 902 entitles them to pursue a private action here.

With respect to the plaintiffs' first argument, this court's deference to Judge Marshall's ruling in this case must give way to the plain language of the state statute. Plaintiffs allege, and Chicorp does not deny, that Chicorp is a financial institution within the scope of ¶ 902, and the statute clearly states that "no financial institution may enter into [repurchase] agreement[s] with or on behalf of any public agency."

Perhaps Chicorp could argue that the pension funds are not public agencies, or that (as the plaintiffs appear to allege) Poder was not acting for them when Chicorp and he entered into the agreements, but that is not what Judge Marshall found and therefore is not before this court on the motion to reconsider. Accordingly, this court vacates that portion of Judge Marshall's order ruling that ¶ 902 does not regulate financial institutions.

■ This court also finds that it must amend Judge Marshall's ruling that there is no private right of action under ¶ 902. The judge did not elaborate on his determination that no private right of action exists, but this court's own reading of relevant Illinois case law leads it to the opposite conclusion.

The plaintiffs maintain, and Chicorp concedes, that the standard for determining whether a private right of action exists under Illinois law remains a liberal one, despite the increasing reluctance of the federal courts to find implied rights of action in federal statutes in the wake of *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed. 2d 26 (1975). Under extant Illinois Supreme Court law, the test for finding an implied right of action requires a five-pronged inquiry:

(1) Does the violation alleged contravene the public policy of the state? (2) Are the plaintiffs within the class the statute was designed to protect? (3) Is the injury one the statute was designed to prevent? (4) Is the need for civil sanctions under the statute clear? (5) Is there any indication that remedies available are limited to those enumerated in the act?

*Sawyer Realty Group, Inc. v. Jarvis Corp.,* 89 Ill.2d 379, 59 Ill.Dec. 905, 432 N.E.2d 849 (1982).

Both sides focus their arguments on the second prong—i.e., whether the Village and the Police Funds were within the class the statute was designed to protect. Because there is no relevant legislative history on this score, the plaintiffs point to the fact that ¶ 902 names government agencies as well as financial institutions in arguing that the statute was intended to protect citizens from the wrongdoing of both. Chicorp finds in the same language a message that while the statute was designed to protect citizens, it was not meant to allow a government agency to recover for its own malfeasance.

Chicorp's argument confuses a defense with the non-existence of an implied right of action. Certainly, it would be manifestly unfair to allow a government agency knowingly or recklessly engaged in violations of the statute to avoid the ramifications of its own wrongdoing by shifting the blame to the financial institution and then recouping its losses. But that unfairness can be adequately addressed with an *in pari delicto* defense. To use it as the basis for denying any right of action to government agencies—and through them citizens—injured by the wrongdoing of financial institutions would be mistaken. Since it is too early in this litigation to decide the merits of an *in pari delicto* defense, this court will vacate Judge Marshall's dismissal of the ¶ 902 claims and deny the motions to dismiss them.

*Chicorp's Motion to Reconsider Judge Marshall's Denial of the Motion to Dismiss the § 10(b) and Rule 10b–5 Claims*

■ Chicorp has moved to reconsider Judge Marshall's ruling that the securities laws claims predicated on Chicorp's alleged failure to inform the plaintiffs of Poder's activities stated § 10(b) and Rule 10b–5 causes of action. Although Chicorp based its original motion to dismiss on a number of grounds, the only issue it asks this court to reconsider here is Judge Marshall's ruling that the plaintiffs did not have to plead loss causation as an element of their securi-

ties claims.[1]

In *Kayne v. PaineWebber, Inc.*, 703 F.Supp. 1334 (N.D.Ill.1989), this court explained that:

In securities fraud cases, two types of causation must be proved—"transaction causation" and "loss causation." *LHLC Corp. v. Cluett, Peabody & Co.*, 842 F.2d 928, 931 (7th Cir.1988); *Huddleston v. Herman & MacLean*, 640 F.2d 534, 549 (5th Cir.1981), *aff'd in part and rev'd in part on other grounds*, 459 U.S. 375 [103 S.Ct. 683, 74 L.Ed.2d 548] (1983); *Bastian v. Petren*, [681 F.Supp. 530], 533–536 (N.D.Ill.1988) (discussing cases).

"Transaction causation" refers to the causal relationship between the violation and the securities transaction. The plaintiff must show that the securities violation proximately caused him to make his investment.

"Loss causation," on the other hand, refers to the causal nexus between the violation and the plaintiff's economic loss. Manipulative or fraudulent conduct may result in an individual engaging in a transaction he would not have otherwise. But if the reasons for the plaintiff's subsequent loss on the transaction are not related to the misconduct or misrepresentations perpetrated by the defendant— i.e., if the price of the security falls for reasons separate and apart from the securities fraud—then a cause of action will not lie.

*Id.* at 1342.

Chicorp argues that because it made no representations to the plaintiffs regarding the nature of the securities Poder was purchasing, any loss the plaintiffs sustained could not have been causally related to Chicorp's wrongdoing. In rejecting this argument, Judge Marshall agreed with this court's ruling in *Bastian* that loss causation generally must be pleaded in a § 10(b)

and Rule 10b–5 case. Nevertheless, the judge found an exception to this rule in cases involving unauthorized trading, comparing it to churning cases in which courts have held that only transaction causation is required. *See, e.g., Hatrock v. Edward D. Jones & Co.*, 750 F.2d 767 (9th Cir.1984). Thus, Judge Marshall ruled that "[w]here a broker's knowing misrepresentation or omission causes a client to suffer losses from unauthorized trading ... loss causation is not required to state a claim under § 10(b)." *The Village of Arlington Heights v. Poder*, No. 88 C 3855, slip op. at 7.

This court agrees with Judge Marshall's result on the loss causation issue, but prefers to phrase it slightly differently. In *Kayne*, also an unauthorized trading case, the defendant made an argument identical to the one Chicorp makes here. This court explained:

In most § 10(b) and Rule 10b–5 cases, the plaintiff has agreed to purchase a security based on the defendant's misrepresentation or omission about it. In these cases, the loss causation requirement means the plaintiff must prove that he would not have suffered the loss—i.e., the price of the security would not have fallen—had the facts been as he believed them to be. Here, however, plaintiff alleges that, had the facts been as he believed them to be, he would not have made the purchases at all. In such a case, transaction causation and loss causation merge: Since the plaintiff believed he was making no investment at all, any loss on the investment is directly related to the subject of the defendant's fraud.

*Kayne v. PaineWebber, Inc.*, 703 F.Supp. at 1342. Accordingly, Chicorp's motion to reconsider Judge Marshall's denial of its motion to dismiss the securities claims will be denied.

---

1. Some of the arguments made by Chicorp in its reply memorandum on the motion to reconsider suggest that Chicorp is also attacking Judge Marshall's determination that plaintiffs have alleged fraud in connection with the purchase of a security by alleging that Chicorp violated its duty to disclose Poder's wrongdoing. The plaintiffs, understandably, have objected to Chicorp's use of a reply brief in this fashion, and although this court granted Chicorp's motion to file the brief, it will not consider those arguments.

*Firefighters' Fund's Motion to Clarify Judge Marshall's Dismissal of Count III of Its First Amended Complaint*

The Firefighters' Fund asks this court to clarify that portion of Judge Marshall's ruling purporting to dismiss Count III of its first amended complaint. The fund explains that the court's ruling states that the fund failed to allege a § 10(b) or Rule 10b–5 violation in this count, but that in fact Count III of this first amended complaint alleges common law fraud. The Firefighters' Fund suggests that Judge Marshall must have meant to dismiss Count II, which is a § 10(b) and Rule 10b–5 claim, and asks this court to reinstate Count III. Chicorp has joined the Firefighters' Fund in an Agreed Order on this score.

In a case already beset by an overabundance of paperwork, confused arguments and clerical errors, this motion does not bode well for the future. This court has before it a pleading (from the official court file) entitled "First Amended Complaint" dated October 4, 1988 and naming the Firefighters' Fund as the plaintiff. Count III of this pleading is entitled "Firefighters' Pension Fund's Alternative Claim Against Chicago Corporation for Violation of Rule 10b–5—Unsuitable and Speculative Trades." Count IV is entitled "Firefighters' Pension Fund's Claim of Common Law Fraud Against Poder and Chicago Corporation."

Something is obviously very wrong here. Either there is another first amended complaint with a different set of allegations than the one in the court file, or the Firefighters' Fund has burdened this court with another motion, and one that has no basis in the record of this case. Either way, the time has come for the attorneys in this case to begin taking their responsibilities seriously. Baseless motions, unnecessarily oversized briefs, and pleadings filed with counts omitted, though tolerated to this point, will not be in the future. For now, however, the Firefighters' Fund's motion—now an agreed motion—to clarify will simply be denied.

*Chicorp's Motion to Clarify Judge Marshall's Failure to Dismiss Count III of the Police Fund's Complaint*

Chicorp has moved this court to clarify Judge Marshall's ruling insofar as he omitted addressing Count III of the Police Fund's complaint. This count, like Count III of the Firefighters' Fund's complaint, alleges § 10(b) and Rule 10b–5 violations predicated on Chicorp's alleged encouragement of Poder to engage in unsuitable and speculative trades. Nevertheless, after Judge Marshall dismissed Count III of the Firefighters' Fund's complaint, he failed to carry this ruling over to his ruling on the Police Fund's pleadings.

This court agrees with Chicorp that Judge Marshall's failure to do so was inadvertent. The Police Fund has not attempted to argue that there is a difference between the third counts in the two complaints, nor made any efforts to controvert Judge Marshall's ruling that the count in the Firefighters' Fund Complaint should have been dismissed. Accordingly, the court will grant Chicorp's motion to clarify Judge Marshall's ruling by dismissing Count III of the Police Fund's complaint.

### CONCLUSION

The Village's and Police Fund's joint motion to reconsider Judge Marshall's dismissal of the ¶ 902 claims is granted, the dismissal of these claims is vacated and the motion to dismiss them is denied. Chicorp's motion to reconsider the denial of its motion to dismiss the securities laws claims against all of the plaintiffs is denied. The Firefighters' Fund's motion for clarification is denied. Chicorp's motion for clarification is granted and Count III of the Police Funds' complaint is dismissed.